```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
MARA KEARNEY LOVING, as agent
for Al Loving,

                    Plaintiff,              05 Civ. 7966 (JGK)

          – against –                       MEMORANDUM OPINON
                                            AND ORDER
GEORGE RICHARD N'NAMDI, d/b/a
G.R. N'NAMDI GALLERIES, INC.,
formerly a Michigan corporation
doing business in Illinois,

                    Defendant.
_____
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Mara Kearney Loving, as executrix of the estate of Al Loving ("Loving"), brings this motion for partial summary judgment. The plaintiff seeks entry of an order requiring the defendant George Richard N'Namdi ("N'Namdi") to: (1) account for all works delivered by Loving to galleries owned by N'Namdi, (2) return all works of art by Loving that are not the subject of bona fide sales, and (3) pay to the plaintiff any unpaid proceeds from previous sales of Loving's art.

The defendant opposes the motion, arguing that a determination on issues of liability before the parties have begun discovery is inappropriate in this case.

**I.**

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the

1

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Gallo v. Prudential Residential Servs. Ltd. P'Ship, 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224. The moving party bears the initial burden of informing the district court of the basis for its motion and identifying the matter that it believes demonstrates the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The substantive law governing the case will identify those facts that are material, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus.

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Gallo, 22 F.3d at 1223.  Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party.  See Chambers v. T.R.M. Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994).  If the moving party meets its initial burden of showing a lack of a material issue of fact, the burden shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible."  Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993); see also Scotto v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998).

**II.**

The following facts are undisputed unless otherwise noted.  Beginning in or around 1981, Loving sold artwork through G.R. N'Namdi Gallery, Inc. and George N'Namdi Gallery Corp. (collectively, the "Galleries") on what appears to have been a consignment basis.  (Declaration Of George Richard N'Namdi In Opposition To Plaintiff's Motion For Partial Summary Judgment,

3

dated Mar. 6, 2006 ("N'Namdi Decl.") ¶¶ 2-4.)[1]  The defendant is the sole shareholder of the Galleries.  (Id. at ¶ 1.)

In April of 2005, with Loving's health in decline, the plaintiff requested that the defendant provide her with an accounting of funds owed to Loving for paintings sold.  (Declaration of Mara Kearney Loving In Support Of Motion For Partial Summary Judgment, dated Feb. 17, 2006 ("Loving Decl.") ¶ 4.)  Sometime after June 21, 2005 (the date on which Loving died), the plaintiff was given the accounting she requested.  (N'Namdi Decl. ¶ 5.)  According to the document provided to the plaintiff, the defendant owed Loving $54,400 at the time Loving died.  (Id. at ¶ 7.)  The plaintiff claims that this accounting was neither accurate nor complete.  (Loving Decl. ¶¶ 4-5.)  The defendant admits that it was inaccurate but states that further review of his inventory revealed that he only owed $27,195 to Loving's estate.  (N'Namdi Decl. ¶ 7.)  The parties continue to dispute the correct amount of money owed to the plaintiff for paintings sold.

In defense of his inability to make a proper accounting, the defendant claims that the plaintiff has failed to respond to his discovery requests (adding that once the requested documents are produced, he will need time to review them before he can make an accurate accounting of the proceeds of Loving's work.)  (Id. at ¶¶

---

[1] Although both parties have filed a Statement of Undisputed Material Facts as required by Local Rule 56.1, neither statement provides a thorough list of the material, undisputed facts.  Rather, both statements refer to other documents provided by the parties.  For that reason, this opinion will cite directly to the source materials wherever necessary to refer to facts in the record.

4

9-10.) In addition, the defendant claims that the plaintiff has not afforded him adequate time to compile documents pursuant to her discovery requests. (Id. at ¶ 11.) He also asserts that at the time this motion was filed, a certified public accountant was reviewing the Galleries' records to ascertain the correct amount. (Id. at ¶ 7.)

Along with the dispute over the proceeds of artwork that was sold, there is a dispute over unsold works of art in the defendant's possession at the time of Loving's death. At some point in or after June of 2005, the plaintiff demanded the return of any unsold pieces of Loving's artwork then in the defendant's possession. (Loving Decl. ¶ 5.) According to the plaintiff, the defendant initially claimed that all of Loving's artwork had already been sold and that he was no longer in possession of any artwork belonging to Loving. (Id.) In his answer to the plaintiff's complaint however, the defendant asserts that no works were turned over to the plaintiff because she had not produced any evidence that she was the legal representative of Loving's estate. (Answer ¶ 35.) Later, the defendant indicated that seven works of art were in his possession and would be released to the plaintiff. (Emails Between David Ganz And John Cahill, dated Feb. 13, 2006 and attached as Exh. D to Loving Decl.) As of March 11, 2006, however, the defendant had released a total of 22 works of art to the plaintiff. (Reply Declaration Of John Cahill In Further

5

Support Of Plaintiff's Motion For Partial Summary Judgment ¶ 2(c)).  The plaintiff claims that a number of those artworks were "damaged and incomplete."  (Id. at ¶ 4.)

### III.

#### A.

The plaintiff argues, first, that the Court should issue an order directing the defendant to account for all works of art delivered by Loving to the defendant.  An accounting is appropriate when a defendant fiduciary "has engaged in wrongdoing that has yielded profits produced by property which in equity and good conscience belonged to the plaintiff . . . ."  Golden Pacific Bancorp v. F.D.I.C., No. 95 Civ. 9281(NRB), 2002 WL 31875395, at *13 (S.D.N.Y. Dec. 26, 2002) (internal citation and quotation marks omitted), aff'd 375 F.3d 196 (2d Cir. 2004); see also Bezuszka v. L.A. Models, Inc., No. 04 Civ. 7703(NRB), 2006 WL 770526, at *17 (S.D.N.Y. Mar. 24, 2006) (under New York law, a plaintiff seeking an accounting "must allege both a fiduciary relationship between the plaintiff and defendant and a breach of that fiduciary by the defendant.").  While the plaintiff has alleged that there is a principal-agent relationship (and a concomitant fiduciary duty) between the estate of Loving and the defendant, the record does not contain facts sufficient to find the necessary breach of fiduciary duty.  The Court in Golden

6

Pacific noted that historically there existed another type of action for an accounting that has largely been supplanted by modern discovery and suggested that this type of accounting would be appropriate only where there was a breakdown in the usual discovery process. Golden Pacific Bancorp, 2002 WL 31875395, at *13-14. ("Indeed, use of an accounting in lieu of discovery is disfavored.") Id. at 14. In the present case, no substantial discovery has yet taken place. The motion for summary judgment with respect to the accounting is therefore **denied without prejudice**.

### B.

The plaintiff also argues that the Court should order the defendant to return all of Loving's unsold work. The defendant contends that the plaintiff's motion is moot, because he has already voluntarily returned all of Loving's unsold work, or agreed to make any remaining work available for pick-up at the defendant's galleries. (Defendant's Memorandum Of Law In Opposition To Plaintiff's Motion For Partial Summary Judgment ("Defendant's Memo") at 10.) The plaintiff maintains that an order to return Loving's work is necessary because of the defendant's past recalcitrance in the matter. The record before the court provides an insufficient basis to order the defendant to return any of Loving's artwork, because there are no facts from which to conclude that the defendant is withholding any of

7

Loving's works.

The plaintiff also contends that a finding of liability is warranted, at least as regards the twenty-two artworks already returned or made available, because the defendant refused to return the works when demanded, thereby unlawfully holding the plaintiff's property. (Reply Memorandum Of Law In Support Of Plaintiff's Motion For Partial Summary Judgment at 3.) It is not clear from the record when the demand for return was made or whether, after the plaintiff properly made such a demand, the defendant wrongfully withheld the works of art. Therefore, the plaintiff's motion for an order requiring the return of Loving's artwork, and a finding of liability for any unreturned works, is **denied without prejudice**.

### C.

Finally, the plaintiff seeks an order compelling the defendant to pay fifty percent of any sales of Loving's artwork that have not already been paid to Loving or his agent. There is an insufficient factual basis for the Court to issue this order. While the plaintiff asserts that there is no controversy, at least as to the $27,195 that the defendant concedes in his declaration, the defendant has suggested that perhaps even this second calculation is incorrect. (See Defendant's Memo at 11.) Awarding summary judgment on this count is therefore inappropriate, at least until the precise amount of money owed to the estate of

8

Loving is established. It is also unclear whether this sum is conceded to be correct and, if so, whether it is being withheld.

The plaintiff also seeks a finding of liability regarding funds held by the defendant. The funds that the plaintiff seeks from the Galleries are not damages, but trust funds collected on behalf of the artist, which must be returned. See N.Y. Arts and Cultural Affairs Law, § 12.01. It is unclear from the record, however, what funds are owed and when they should have been paid. Because the facts regarding the amount of money owed to the estate of Loving are in dispute, the motion for an order requiring their return and for summary judgment on the question of liability is **denied without prejudice**.

## CONCLUSION

For the reasons explained above, the plaintiff's motion for partial summary judgment is **denied without prejudice to renewal**.

SO ORDERED.

Dated:   New York, New York
         August 31, 2006

                                        John G. Koeltl
                                        United States District Judge

9